UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MECHONNA HAGWOOD-EL,
    *Plaintiff*,

v.

ALLIED INTERSTATE, INCORPORATED *et al.*,
    *Defendants*.

No. 3:19-cv-01311 (JAM)

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
### AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Mechonna Hagwood-El has filed this action *pro se* against the following four defendants: Allied Interstate LLC ("Allied"); Home Depot U.S.A., Inc. ("Home Depot"); Automatic Data Processing, Inc. ("ADP"); and Ascendium Education Solutions, Inc. ("Ascendium").[1] He alleges that the defendants have unlawfully sought to collect a student loan debt that he no longer owes. Defendants have moved to dismiss this action, and Hagwood-El has moved for summary judgment. I will grant defendants' motions to dismiss and deny Hagwood-El's motions for summary judgment.

#### BACKGROUND

The following facts are derived from Hagwood-El's seventh amended complaint (the "complaint"); any documents attached as exhibits to, incorporated by reference in, or integral to the complaint; and certain public documents that the Court takes judicial notice of. These facts are accepted as true only for purposes of this ruling.[2]

---

[1] The defendants assert that Hagwood-El has misidentified them as "Allied Interstate, Incorporated"; "Home Depot, Incorporated"; "Automatic Data Processing"; and "Ascendium Education Group." *See* Doc. #34-2 at 6; Doc. #40 at 1. Hagwood-El does not dispute that assertion. Accordingly, the Court uses the correct corporate names.
[2] Hagwood-El attempts to incorporate three of his previous six amended complaints into the operative complaint. *See, e.g.*, Doc. #24 at 5 (¶ 15). This is contrary to the Court's orders—issued in response to Hagwood-El's

Hagwood-El is a domiciliary of Connecticut. Doc. #24 at 3 (¶ 2). Since March 2011, he has been employed by Home Depot. *Id.* at 3 (¶ 3(a)).

In August 1992, January 1994, and August 1994, Hagwood-El executed promissory notes to secure three federally guaranteed student loans. Doc. #34-3. At the time, a different corporation was the loans' guaranty agency, *ibid.*, but U.S. Securities and Exchange Commission ("SEC") filings reflect that the corporation merged into Ascendium in 2018.[3]

Hagwood-El alleges that the loans were "discharged" in 2006. Doc. #24 at 3-4 (¶ 4). As proof of this discharge, he attaches two pay stubs from Home Depot reflecting that $189.20 was deducted for "Student" during a pay period in 2004, but that $0 was deducted for "Student" during a pay period in 2006. *Id.* at 10-11. But letters dated 2015 and 2019 to Hagwood-El from Navient Corporation ("Navient"), a company that provides administrative services to guaranty agencies and acting on behalf of Ascendium, state that Ascendium purchased the loans from Hagwood-El's lender on May 10, 2013, after the loans were in default (as distinct from having been discharged). Doc. #46 at 4-5.

At some point, Allied, Ascendium, and ADP "conver[ted]" Hagwood-El's signature into a "fungible instrument" without authorization, full disclosure, proceeds, or an opportunity to defend against the conversion. Doc. #24 at 4 (¶ 12), 5 (¶¶ 19, 21). The signature at issue is

---

successive filings of amended complaints—that "[p]laintiff should review what [he] has filed, assemble a single document that contains all of [his] factual allegations and that includes any appended exhibits, and then file this document and any exhibits as [his] amended complaint." Docs. #12, #20. "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shannon v. Venettozzi*, 749 F. App'x 10, 13 (2d Cir. 2018) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). Although Fed. R. Civ. P. 10(c) permits incorporation by reference, a "plaintiff's attempts at wholesale incorporations of his prior complaints are a misuse of the Rule 10(c) incorporation privilege." *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 447 (E.D. Va. 2009), *aff'd*, 382 F. App'x 256 (4th Cir. 2010). Wholesale incorporations also violate Fed. R. Civ. P. 8(a), which "requires a plaintiff to identify the specific allegations that they seek to incorporate." *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 275 (S.D.N.Y. 2012) (citations omitted). Accordingly, I will not consider the allegations of Hagwood-El's previous amended complaints.
[3] *See* SLM Student Loan Trust 2004-10, Current Report (Form 8-K), at A-13, https://www.sec.gov/Archives/edgar/data/1321778/000114036119010443/ex99_1.htm (July 15, 2019).

presumably his signature on the promissory notes, and Hagwood-El appears to clarify in his briefing that the notes were converted into a fungible instrument when Ascendium purchased the loans from his lender on May 10, 2013. Doc. #46 at 3 (¶ 11), 5.

Home Depot's garnishee answer states that it was served a writ of garnishment to garnish Hagwood-El's wages on March 27, 2014. Doc. #24 at 22. A 2014 letter from Allied states that Navient placed his account with Allied for collections on July 20, 2014. Doc. #24 at 13. But Hagwood-El alleges that Allied was involved as early as April 20, 2014, when it contacted Home Depot and shared "private information" about the alleged debt with his human resources manager, "resulting in disciplinary action and ill treatment from co[]workers." *Id.* at 5 (¶ 14).

On April 23, 2014, ADP "provided a letter . . . with an open window . . . stating this was a wage garnishment order," such that "without opening the letter anyone [could] infer the business of the letter." *Ibid.* (¶ 18). That same day, Hagwood-El received a notice from Home Depot that Allied had obtained a writ of garnishment to garnish his wages. *Id.* at 4 (¶ 4); Doc. #48 at 2 (¶ 3). It appears this notice was a copy of Home Depot's garnishee answer. Doc. #24 at 22. Because the answer listed Hagwood-El's domicile as Illinois even though he has never lived there, he alleges that Home Depot "furnish[ed] deceptive papers." *Id.* at 6 (¶ 24). At some point, Ascendium disregarded Hagwood-El's no-contact requests. *Id.* at 5 (¶ 21).

Hagwood-El attempted to dispute the alleged debt and requested the "Master Promissory Note" as well as a hearing in order to prove that the loans were discharged, but Allied did not respond. *Id.* at 4 (¶ 4). None of the other defendants gave him a hearing or opportunity to dispute the alleged debt before his wages were garnished. *Id.* at 5 (¶¶ 17, 22), 6 (¶ 25).

On April 25, 2014, Allied "instituted a prejudgment wage garnishment totaling $137.86." *Id.* at 3 (¶ 4); se*e also id.* at 8-9. That same day, Hagwood-El informed Home Depot that his

3

student loans were discharged in 2006, and Home Depot allegedly issued him a "refund check." *Id*. at 4 (¶ 5). As proof of this refund, Hagwood-El attaches what looks like a pay stub reflecting a "$137.86-" deduction for "STUDENT LN" and a "NET PAY" of $137.86. *Id.* at 12. Strangely, this document includes a fold-and-tear section of a typical check, but the pay stub appears to be superimposed on top of it and there is no image of any actual check. *Ibid.*

On November 25, 2014, Allied allegedly "ceased the alleged student loan account." *Id*. at 4 (¶ 6). As proof of this cessation, Hagwood-El attaches a letter from an Assistant Vice President of Allied's Compliance Department to an Examiner with the Consumer Affairs Unit of the Connecticut Department of Banking, explaining that Allied had been "unable to reach [Hagwood-El]" and was "unaware of his dispute," that it "ceased Mr. Hagwood's account in [its] office, preventing further contact from Allied Interstate," and that it "notified Navient of his dispute." *Id.* at 13. Despite this letter, Allied did not cease its activity with the alleged student loan account, which allegedly constituted "deceptive business practices." *Id*. at 4 (¶ 7).

On August 23, 2019, Allied garnished Hagwood-El's wages for $171.42, "again without offering [a] hearing or defense." *Id*. at 4 (¶ 8); *see also id.* at 14-15. On September 6, 2019, it garnished $170.88. *Id*. at 4 (¶ 9); *see also id.* at 16-17. On September 20, 2019, Allied garnished $169.87, this time "posturing [itself] as the U.S. Government." *Id.* at 4 (¶ 10). As proof of this posturing, he attaches a pay stub showing that amount was deducted for "US GOV GAR." *Id.* at 19. On October 4, 2019, Allied garnished $174.09. *Id.* at 4 (¶ 11); *see also id.* at 20-21. On more than one occasion, Home Depot executed the writ of garnishment knowing that Hagwood-El had an active dispute with the other defendants. *Id.* at 6 (¶ 25).

On August 23, 2019, Hagwood-El filed this action. Doc. #1. He alleges that the defendants' conduct violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692; the Connecticut Creditors' Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-648; the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45; and due process. *See, e.g.*, *id.* at 3 (¶ 1), 6 (¶ 25). Among other remedies, Hagwood-El seeks "a permanent injunction to prevent any future prejudgment wage garnishment orders by any of the listed defendants or their subsidiaries," "monetary civil penalties for each violation of the [FDCPA]," "the ill[-]gotten federal reserve notes" garnished from his wages, and costs. *Id.* at 6 (¶¶ 27-31).[4]

The defendants have now filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for the Court to impose a leave-to-file sanction on Hagwood-El. Docs. #34, #39. In response, Hagwood-El has filed motions for summary judgment. Docs. #42, #43.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless it recites enough non-conclusory facts to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). The Court may also consider any documents attached as exhibits to, incorporated by reference in, or integral to the complaint, *see Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018), as well as certain public documents of which it can take judicial notice, such as SEC filings, *see Garber v. Legg Mason, Inc.*, 347 F. App'x 665, 669 (2d Cir. 2009).

If the plaintiff is a *pro se* litigant, the Court must liberally construe the complaint and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v.*

---

[4] Hagwood-El raises claims in his motions for summary judgment that were not alleged in his complaint, including violations of the Connecticut Constitution and the Uniform Commercial Code. Doc. #42 at 1, 2 (¶ 3). The Court will not entertain these claims, having repeatedly afforded Hagwood-El opportunities to amend his complaint and impressed upon him the need to compile all his claims into one complaint. *See Mosby v. Bd. of Educ. City of Norwalk*, 754 F. App'x 34, 37 (2d Cir. 2018).

*Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *FDCPA and CCPA claims*

Defendants argue that most of Hagwood-El's FDCPA and CCPA claims are not timely. Doc. #34-2 at 10-11; Doc. #40 at 6-7. The FDCPA provides that an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Similarly, the CCPA provides that an action may be brought "not later than one year after the date on which the violation occurs." Conn. Gen. Stat. § 36a-648(d).

Hagwood makes no argument for tolling or continuation of the FDCPA limitations period. *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 419 F. Supp. 3d 668, 694-95 (S.D.N.Y. 2019); *see also Rotkiske v. Klemm*, 140 S. Ct. 355, 361 n.3 (2019) (declining to decide whether 15 U.S.C. § 1692k(d) "permits the application of equitable doctrines"). Similarly, Hagwood-El does not show why the CCPA limitations period should be equitably tolled or that the continuing course of conduct doctrine should apply. *See Wiele v. Bd. of Assessment Appeals of City of Bridgeport*, 119 Conn. App. 544, 554 (2010) (equitable tolling); *Angersola v. Radiologic Assocs. of Middletown, P.C.*, 330 Conn. 251, 270-71 (2018) (continuing course of conduct). Accordingly, I will dismiss with prejudice Hagwood-El's FDCPA and CCPA claims to the extent that they are premised on conduct that occurred before August 23, 2018 (one year prior to the filing of this lawsuit on August 23, 2019), including any claims based on the alleged "conversion" of his signature on the promissory notes in 2013, defendants' communications with him and his coworkers in 2014, and the wage garnishments in 2014.

Defendants otherwise argue that Hagwood-El's non-time-barred claims do not state plausible grounds for relief. Doc. #34-2 at 11-15; Doc. #40 at 5-7. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, nor may it use "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f. Similarly, the CCPA provides that "[n]o creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt." Conn. Gen. Stat. § 36a-646.

Defendants argue that Ascendium, ADP, and Home Depot are not debt collectors within the meaning of the FDCPA. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). The term excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation . . . ." *Id.* § 1692a(6)(F).

The promissory notes and letters referenced in the complaint as well as relevant SEC filings show that Ascendium is a guaranty agency that was attempting to collect alleged student loan debt as a fiduciary of the federal government, which had insured the loans. Nothing in the complaint suggests debt collection is Ascendium's "principal purpose" or "regular[]" activity. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004). Disregarding his conclusory allegation to the contrary, Doc. #24 at 3 (¶ 3), Hagwood-El has not plausibly alleged that Ascendium is a debt collector as defined by the FDCPA. *See*

*Kozaczek v. New Hampshire Higher Educ. Assistance Found.*, 2014 WL 3640779, at *3 (D. Vt. 2014) (guaranty agency not a debt collector).

For similar reasons, Hagwood-El does not plausibly allege that Home Depot is a debt collector merely because it transferred funds in compliance with a writ of garnishment. "The natural reading of the statutory language does not include a garnishee that turns over funds in the definition of 'debt collector.'" *Heaven v. Portfolio Recovery Assocs., LLC*, 303 F. Supp. 3d 333, 339 (E.D. Pa. 2018).

Likewise, the principal allegation against ADP—that in 2014, it "provided" to some unidentified person a letter whose exterior revealed that it contained a writ of garnishment, Doc. #24 at 5 (¶ 18)—is untimely and says nothing of ADP's principal purpose or regular activities as would be necessary to establish ADP's "debt collector" status. Accordingly, I will dismiss Hagwood-El's FDCPA claim against defendants Ascendium, ADP, and Home Depot.

Alternatively, even assuming their status as "debt collectors," defendants argue that the complaint does not plausibly allege they violated the FDCPA or CCPA. The only non-time-barred conduct alleged by Hagwood-El is the garnishment of his wages from August to October 2019. He does not dispute that he ever owed the student loan debt for which his wages were garnished, but he alleges that the debt was "discharged" in 2006. Doc. #24 at 3-4 (¶ 4). The Second Circuit has found a plausible violation of the FDCPA where a debt collector sent a plaintiff a collection letter stating that she owed a credit card debt alleged to have been settled five years prior. *See Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 437-38 (2d Cir. 2018). But there, the plaintiff attached a letter from the bank to her attorney stating that it would settle the debt for a specified amount, and she alleged a specific date the following month when she paid the bank that specified amount. *Id.* at 435-36.

8

In contrast, Hagwood-El's sole basis for alleging that his loan was discharged is that no wages were garnished from his paycheck in 2006. He does not allege that he fully paid the debt that was owed, that he filed for bankruptcy, or any other factual basis to suggest that the debt was discharged, and he therefore fails to state a plausible FDCPA claim. *Cf. Paracha v. MRS BPO, L.L.C.*, 2019 WL 4736939, at *6 (E.D.N.Y. 2019) (dismissing conclusory allegation that plaintiff did not owe a debt where complaint "makes no mention of any facts explaining why [plaintiff] does not owe the debt"). For the same reasons, he has not stated a plausible CCPA claim. *See Rogers v. Capital One Servs., LLC*, 447 F. App'x 246, 248 (2d Cir. 2011) (finding plaintiff failed to state plausible FDCPA claims for same reason district court found motion to add "parallel" CCPA claims was futile); *Kloth-Zanard v. Bank of Am.*, 2019 WL 1922070, at *11 n.12 (D. Conn. 2019) (describing the CCPA and FDCPA as "parallel" statutes). Accordingly, I will dismiss Hagwood-El's timely CCPA and FDCPA claims against all defendants.

### *FTCA claim*

As defendants have noted, Doc. #34-2 at 15; Doc. #40 at 6-7, the Federal Trade Commission Act does not supply a private right of action. *See Charych v. Siriusware, Inc.*, 790 F. App'x 299, 301 n.3 (2d Cir. 2019) (citing *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d. Cir. 1978)). Accordingly, I will dismiss Hagwood-El's FTCA claim.

### *Due process claim*

As defendants have noted, Doc. #40 at 7-8, the due process clauses of the Fifth and Fourteenth Amendments only protect against state (or governmental) action. *See Katz v. Cellco P'ship*, 756 F. App'x 103, 105 (2d Cir. 2019) (Fifth Amendment); *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (Fourteenth Amendment). Hagwood-El has not alleged that the federal or any state government was involved in any of the actions taken by the private corporate

9

entities named as defendants in this action. Accordingly, I will dismiss Hagwood-El's due process claim.

## CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motions to dismiss (Docs. #34, #39) with prejudice as to those allegations that are time-barred and without prejudice as to those non-time-barred allegations that fall short of alleging plausible grounds for relief. In light of the granting of the motions to dismiss, the Court DENIES Hagwood-El's motions for summary judgment (Docs. #42, #43). The Clerk of Court shall close this case, subject to re-opening in the event that Hagwood-El elects to file an amended complaint by **October 2, 2020**, that is sufficient to allege non-time-barred plausible grounds for relief.

It is so ordered.

Dated at New Haven this 4th day of September 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge